E-FILED
Friday, 21 October, 2016  02:11:26 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCUS T. BUSH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) No.: 16-1206-MMM |
| | ) |
| | ) |
| **WARDEN GOSSETT,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

**MICHAEL M. MIHM, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Marcus T. Bush's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions).  Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Bush is an inmate within the Illinois Department of Corrections ("IDOC") and is housed at the IDOC's Illinois River Correctional Center.  Bush alleges that, in early July 2013, he learned that he would be transferring cells and that his new cell assignment would be with inmate Chapman.  Bush informed Officer Wilcoxen that he and Chapman did not like each other and that Chapman had previously threatened him.  Wilcoxen, however, stated that he would not inform Officer Beatty, who is on the placement committee, of the issues between Bush and Chapman.  Bush claims that he informed the other Defendants of the issues between him and Chapman and the threats that Chapman had made, but no one changed his cell assignment or did anything to help.  On July 13, 2013, Chapman physically assaulted Bush.

Bush's Complaint states a claim against Defendants for failure to protect him from Chapman's assault.  Ultimately, Bush will need to show that each Defendant was aware of the threats to Bush and that they had a reasonable opportunity to stop or prevent Chapman's attack,

but giving Bush's Complaint the liberal read that it must, the Court will allow Bush's claim to proceed against all of the named Defendants.

Finally, Bush's motion to request counsel is denied.  The Court cannot consider the merits of the motion until Bush shows that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  This Court typically requires a litigant to attach the responses that he has received from lawyers declining the request to represent him. Bush may renew his motion for counsel, but if he chooses to do so, he should attach the responses that he has received from the lawyers that he has contacted where those lawyers decline his request to represent him.  In addition, Bush should set forth his educational level, work experience, his litigation experience (if any), and any other facts relevant to whether he is competent to proceed without an attorney.

**IT IS, THEREFORE, ORDERED:**

1.      Plaintiff's motion to request counsel [5] is DENIED, and his motion for status [6] is DENIED as moot in light of this Order.

2.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim for failure to protect him from Chapman's assault. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4.      The Court will attempt service on Defendants by mailing them a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5.      With respect to a Defendant(s) who no longer works at the address provided by Plaintiff, the entity for whom that Defendant(s) worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.      Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7.      Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

4

8.      Counsel for Defendants is hereby granted leave to depose Plaintiff.  Counsel for Defendants shall arrange the time for the deposition.

9.      Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**It is further ORDERED that the Clerk is directed**: **(1) to show Plaintiff's motion to request counsel [5] as DENIED; (2) to show Plaintiff's motion for status [6] as DENIED as moot; (3)  to attempt service on Defendants pursuant the Court's standard procedures; and (4) to set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 21st day of October, 2016

                            s/ Michael M. Mihm
                            Michael M. Mihm
                            UNITED STATES DISTRICT JUDGE